UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN P. GRIFFIN, | NO. 2:16-CV-00277-JLQ |
| Plaintiff, | |
| v. | ORDER RE: REPORT AND RECOMMENDATION AND CLOSING FILE |
| SPOKANE COUNTY 911, SPOKANE COUNTY CLERK, | |
| Defendants. | |

BEFORE THE COURT is the Report and Recommendation (ECF No. 4, "Report") of Magistrate Judge Rodgers. On September 6, 2016, Magistrate Judge Rodgers issued the Report recommending closing the file of this matter because Plaintiff failed to respond to Magistrate Judge Rodgers' Order Denying Application to Proceed *In Forma Pauperis* (ECF No. 3). Plaintiff did not file an objection to the Report.

On August 1, 2016, Plaintiff submitted his Complaint (ECF No. 1) and an application to proceed *in forma pauperis* (ECF No. 2). On August 2, 2016, Magistrate Judge Rodgers issued an Order Denying Plaintiff's application to proceed *in forma pauperis* because Plaintiff put inconsistent information in his application. (ECF No. 3). Specifically, Plaintiff reported monthly wages in response to Question No. 2, but also stated he is not currently employed, and Plaintiff did not provide the required details on each other lawsuit listed in response to Question No. 9. (ECF No. 2); (ECF No. 3). Plaintiff was directed, within 30 days, to: (1) pay the full filing fee; (2) show cause why prepayment would be inappropriate; or (3) submit a properly completed application to

proceed *in forma pauperis*. (ECF No. 3). To date, Plaintiff has not taken any of the three actions identified above.

When a magistrate judge issues a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "shall make a de novo determination of those portions of the report ... or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

Plaintiff made no objection to the Report and has taken no action to comply with Magistrate Judge Rodgers' Order, such as submitting a properly completed application or tendering the filing fee. The undisputed evidence shows Plaintiff submitted an inconsistent application, it was denied, and Plaintiff has not attempted to remedy the errors since the Order Denying Application to Proceed *In Forma Pauperis* was entered. Despite Plaintiff's lack of objection, the court has reviewed the Report *en toto* and finds closing the file in this matter is appropriate for failure to comply with the court's Order and also for failure to prosecute under Fed.R.Civ.P. 41(b). The court is adopting the Report and closing this file for the reasons set forth therein. However, had Plaintiff presented a complete application to proceed *in forma pauperis*, the Complaint would be dismissed as frivolous. For the reasons set forth below, the court finds the claims presented in the Complaint are frivolous.

Pursuant to 28 U.S.C. § 1915(a), a district court "may authorize the commencement ... of any suit ... without prepayment of fees... by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person in unable to pay such fees or give security therefor." *See also*, *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (holding the statute applies to all persons, not just prisoners)). However, "the court shall dismiss the case at any time if the court determines ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The court may dismiss a claim when it is "based on an indisputably meritless legal theory" or when "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The "critical inquiry" is whether any of the claims have "an arguable basis in law and fact." *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130-31.

A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In considering whether a complaint is frivolous, "the *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." (*Id.*) (quoting *Neitzke*, 490 U.S. at 327).

Plaintiff alleged his civil rights were violated because "[w]hen I made contact with a Spokane Police Officer he had no idea about how camors [sic] should be posted around banks." (ECF No. 1 at 3). He also alleged between April 1, 2016, and July 31, 2016, he "was told by someone who works at the Spokane County Clerks office that something cost $2.40 cents but seconds later I ask another clerk who told me the same thing cost $240.00 dollars." (ECF No. 1 at 4). Plaintiff acknowledged he suffered no injury from these alleged actions. (ECF No. 1 at 7). For these alleged civil rights violations, Plaintiff seeks "$995.00 trillion dollars" in damages. (ECF No. 1 at 7).

Plaintiff's factual allegations are baseless and frivolous. It defies credibility to find the failure to explain how bank cameras should be positioned amounted to a civil rights

violation. Additionally, the alleged inconsistent answers regarding a price by the Spokane County Clerk's Office do not present a plausible claim. This is especially true when Plaintiff admits he suffered no injury as a result of these claims. The court finds the Complaint frivolous and no amendment would cure the baseless claims contained therein.

The court also observes Plaintiff has eight other cases pending which contain similar allegations of a sparse, conclusory, and fanciful nature. It appears Plaintiff deems it appropriate to file a new lawsuit whenever he is unhappy or dissatisfied with another person's actions. This defies the purpose of civil lawsuits and takes up the court's time addressing frivolous claims. Plaintiff is warned a litigant who burdens the court with repetitive and frivolous litigation runs the risk of being declared a vexatious litigant. *See Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047 (9th Cir. 2007). This court is considering initiating such a process in light of Plaintiff's conduct and allegations in all of the pending cases, including the instant matter.

**IT IS HEREBY ORDERED**:

1.    The Report and Recommendation dated September 6, 2016 (ECF No. 4), is **ADOPTED IN FULL**.

2.    The court finds the Complaint (ECF No. 1) and the claims and factual allegations contained therein are frivolous and baseless.

**IT IS SO ORDERED**.  The Clerk is directed to enter this Order, furnish a copy to Mr. Griffin, and close this file.

Dated October 7, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE